UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MTR FOODS LTD., <br><br> Plaintiff, <br><br> v. <br><br> MTR IMPORTS, INC.; SUBRAYA MAIYA; and ARUN MAIYA <br><br> Defendants. | JUDGE RAKOFF <br> Civ. No. 07 CIV 8022 <br><br> JURY TRIAL DEMANDED |



RECEIVED
SEP 12 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Plaintiff, for its Complaint against Defendants, hereby alleges as follows:

1. MTR Foods Ltd. ("Plaintiff") is an Indian company with its principal place of business in Bangalore, India.

2. MTR Imports, Inc. ("MTR Imports") is an Illinois corporation with its principal place of business in Darien, Illinois.

3. Mr. Subraya Maiya resides in Illinois and is an officer and/or director of MTR Imports. Mr. Subraya Maiya has knowledge and control over the illegal conduct described below.

4. Mr. Arun Maiya resides in Illinois and is an employee and/or agent of MTR Imports. Mr. Arun Maiya has knowledge and control over the illegal conduct described below. Hereinafter, MTR Imports, Mr. Subraya Maiya and Mr. Arun Maiya are collectively referred to as "Defendants."

### JURISDICTION AND VENUE

5. This is an action for trademark infringement and unfair competition under the Lanham Act, for declaratory judgment under the federal Declaratory Judgment Act, and further, for related claims of breach of contract, deceptive business practices and tortious misconduct under the laws of New York. This Court has subject matter jurisdiction over this action pursuant

to 15 U.S.C. §§ 1114(1) and 1125(a) (the Lanham Act), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1338(a) (trademark), and 28 U.S.C. §1332 (diversity of citizenship).

6. Personal jurisdiction is proper because Defendants have transacted and conduct business in this District. Venue is proper pursuant 28 U.S.C. §1391.

## PARTIES

7. Plaintiff is among the largest manufacturers of food in India. Since at least as early as 1924, Plaintiff has sold Indian food under the mark MTR and formatives thereof.

8. For decades, Plaintiff has engaged in substantial advertising and promotion of its mark MTR. Plaintiff's MTR-branded food is sold throughout the world. Plaintiff owns a web site at **www.mtrfoods.com**, which advertises its MTR-branded products throughout the world. Plaintiff owns a trademark registration in India for MTR.

9. Plaintiff engaged Defendant Subraya Maiya to be the exclusive U.S. importer of MTR products.

10. Defendant Subraya Maiya formed an Illinois corporation known as MTR Imports, Inc. in order to import Plaintiff's MTR-branded food.

11. Defendants' duties under the agreement with Plaintiff were minor. Essentially Defendants were an outpost of Plaintiff in the United States. Defendant MTR Imports is using the domain name **mtrimports.com**, which links to Plaintiff's web site, **mtrfoods.com.**

12. Plaintiff created and designed all of the MTR and MTR-formative marks that have appeared on packages of food sold in the United States.

13. Defendants imported MTR-branded food and forwarded it to the distributor in the United States. Plaintiff branded and packaged all of the food imported by Defendants.

14. Plaintiff maintained quality control over the MTR-branded food that was imported into the United States by Defendants.

15. To consumers in the United States, the MTR brand is associated exclusively with Plaintiff and Plaintiff's high-quality food.

16. Defendant MTR Imports applied for three trademark registrations in the United States Patent and Trademark Office for MTR and formatives thereof. Plaintiff created each one of the applied-for marks and had been using each one of the marks in India since 1979.

17. The registrations were wrongly obtained in the name of Defendant MTR Imports, Inc. because MTR Imports was a mere importer of MTR-branded products and did not have the appropriate authority to register those marks in its name.

18. Defendants recorded the MTR registrations with the U.S. Customs Service.

19. Defendants have no rights to the MTR trademarks upon termination of the agreement between the parties.

20. On Plaintiff's behalf, Defendants applied for registrations and received approval for these registrations from the U.S. Food and Drug Administration ("FDA") for Defendants to import food that was branded and packaged exclusively by Plaintiff.

21. Defendants could not meet Plaintiff's reasonable business needs in the United States and breached the agreement between the parties.

22. Plaintiff earlier terminated the agreement between the parties. A formal letter memorializing that termination was later sent to Defendants on September 12, 2007.

23. Despite the termination, Defendants refuse to stop using the MTR marks. Defendants offered to sell the MTR marks to Plaintiff for US$2,500,000. Defendants stated that if Plaintiff did not pay that sum, Defendants would sell its own food under the MTR marks or sell the MTR marks to a third party so that the third party could sell food in the U.S. under the MTR marks.

24. Defendants' threats to continue the sale of MTR-branded food in the U.S., which is not manufactured by Plaintiff, and to sell the MTR marks to a third party are real, substantial, and lack justification.

25. Defendants' sale, or the sale by any third party, of MTR-branded food in the U.S. which was not manufactured by Plaintiff will cause a likelihood of confusion as to the source of

origin of such food. Such confusion will irreparably injure Plaintiff's goodwill and reputation in its marks.

26. The parties have a real and substantial dispute concerning the ownership and validity of the United States trademark registrations Nos. 1,952,165; 1,883,740; and 2,688,146 as well as about whether Defendants are entitled to continue using those marks.

27. Plaintiff is the sole owner of all right, title, and interest in the MTR marks for Indian food in the United States.

28. Following Plaintiff's termination of Defendant as its U.S. importer, Defendant deliberately terminated the FDA registrations for which Defendant had applied solely on Plaintiff's behalf. Plaintiff did not authorize these terminations. Defendants lacked any justification for terminating these FDA registrations. Defendants terminated these FDA registrations only to interfere with Plaintiff's ability to sell its packaged and branded food in the United States and its business relationships with third parties who market and sell Plaintiff's food in the United States. Having acted as Plaintiff's U.S. importer, Defendants were aware of the U.S. business Plaintiff anticipated and expected to realize by shipping Plaintiff's food to Defendants for importation into the United States. As a result of Defendants' intentional, wrongful interference by, among other things, terminating the FDA registrations for Plaintiff's food, Defendants have injured Plaintiff's business relationships; Plaintiff has lost substantial U.S. sales for its products; and, Plaintiff has suffered other damages because its food now may lack necessary FDA registrations and, thus, may not be imported into the United States.

## COUNT I
### Trademark Infringement And Unfair Competition Under The Lanham Act

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1-28 of the Complaint as though fully set forth herein.

30. Defendants' conduct, as described herein, including its current use of MTR and its threatened and impending use of MTR to sell food that is not manufactured by Plaintiff, constitutes trademark infringement and unfair competition because it is likely to cause confusion,

mistake and deception as to the affiliation, connection and association between Defendants' MTR-branded products and Plaintiff and Plaintiff's products, in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a).

31.  As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused Plaintiff irreparable harm and injury.

32.  Defendants' acts of infringement and unfair competition are knowing and willful.

33.  Unless Defendants are enjoined from their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT II
### Declaratory Judgment Under The Federal Declaratory Judgment Act

34.  Plaintiff incorporates by reference the allegations contained in paragraphs 1-33 of the Complaint as though fully set forth herein.

35.  An actual and justiciable controversy exists between Plaintiff and Defendants concerning the ownership of, the validity of, and the right to use, the United States trademark registrations for MTR and MTR-formative trademarks, including Registration Nos. 1,952,165; 1,883,740 and 2,688,146.

36.  **Pursuant to 28 U.S.C. §2201,** Plaintiff is entitled to a declaratory judgment that it is the rightful owner of all right, title and interest to the United States trademark registration for MTR and formatives thereof, i.e., Registration Nos. 1,952,165; 1,883,740 and 2,688,146.

37.  Plaintiff is entitled to a declaratory judgment that Defendants have no right to use the MTR marks in the United States.

## COUNT III
### Breach Of Contract Under New York Law

38.  Plaintiff incorporates by reference the allegations contained in paragraphs 1-37 of the Complaint as though fully set forth herein.

39.  Defendants have breached the agreement it entered into with Plaintiff by refusing to stop using the MTR marks.

40. If Defendants are permitted to persist in their ongoing violation of the agreement, Plaintiff will suffer both monetary damages and irreparable harm, for which Plaintiff has no adequate remedy at law, due to the injury to its business interests and trademark rights caused by Defendants' actions.

## COUNT IV
### Deceptive Acts And Practices Under N.Y. G.B.L. Section 349

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1-40 of the Complaint as though fully set forth herein.

42. Defendants' conduct, as described herein, constitutes deceptive trade practices, causing a likelihood of confusion as to the origin, source, sponsorship, and/or approval of Defendants' goods, and/or causing likelihood of confusion or misunderstanding as to the affiliation, connection or association with Plaintiff and/or Plaintiff's trademark MTR with Defendants in violation of the New York General Business Law Section 349.

43. Defendants' acts have been willful and deliberate.

44. Plaintiff has been, and continues to be, irreparably injured by Defendants' violation of this statute. Unless Defendants are enjoined, Plaintiff will suffer further irreparable injury for which it has no adequate remedy at law.

## COUNT V
### Tortious Interference With Business Relations

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1-44 of the Complaint as though fully set forth herein.

46. Plaintiff had substantial relationships with various third parties in the United States for the marketing and sale of Plaintiff's food.

47. Defendants were aware of Plaintiff's relationships with these third parties. Defendants intentionally and without justification interfered with these relationships by, among other things, terminating the FDA registrations for Plaintiff's food that the Defendants had obtained solely on Plaintiff's behalf.

48. Defendants interfered with Plaintiff's business relations solely for the wrongful purpose of preventing Plaintiff from selling its food in the United States and its interference was dishonest, unfair, improper, and lacked approval by Plaintiff.

49. As a result of Defendants' intentional, wrongful interference with Plaintiff's business relations, Defendants injured Plaintiff's business relationships with these third parties and Plaintiff lost sales and suffered other damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

1. A preliminary and permanent injunction enjoining Defendants, their employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, and successors and assigns, and all those in active concert therewith or having knowledge thereof, from using MTR, alone or in combination with any other word(s), term(s), designation(s), mark(s), and or design(s), as well as all confusingly similar marks;

2. An order declaring that Plaintiff is the rightful owner of all right, title and interest to the MTR marks for Indian food in the United States;

3. An order directing Defendants to assign all U.S. trademark registrations for the mark MTR and formatives thereof, including Registration Nos. 1,952,165; 1,883,740; and 2,688,146 to Plaintiff or an order directing the U.S. Patent and Trademark Office to cancel those registrations;

4. An order directing Defendants to assign the domain name mtrimports.com to Plaintiff;

5. An order awarding to Plaintiff actual damages, including all statutory enhancements and other enhancements as provided by 15 U.S.C. § 1117 and the laws of New York, as well as punitive damages under the laws of New York;

6. Damages exceeding US$10,000,000;

7. An order awarding to Plaintiff prejudgment and post-judgment interest;

8. An award of Plaintiff's costs and expenses, including, without limitation, reasonable attorneys' fees as provided by 15 U.S.C. § 1117 and the laws of New York; and

9. All other relief, in law or equity, to which Plaintiff is entitled, or which the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all matters triable by jury.

Dated: September 12, 2007

Respectfully submitted,

_____
Christine A. Pepe (CP5688)
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Tel.: 212.547.5400
Fax: 212.547.5444

James W. Soong*
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel.: 650.813.5000
Fax: 650.813.5100

John J. Dabney*
Irina R. Kushner*
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street NW
Washington, DC 20005
Tel.: 202.756.8000
Fax: 202.756.8087

*Not yet admitted pro hac vice

Attorneys for Plaintiff MTR Foods Ltd.