UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MTR FOODS LTD. and AMTRADE INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MTR IMPORTS, INC.; SUBRAYA ) <br> MAIYA; and ARUN MAIYA ) <br> ) <br> Defendants. ) <br> ) | 07 Civ. 8022 (JSR) <br><br> JURY TRIAL DEMANDED <br><br> RECEIVED <br> OCT 19 2007 <br> U.S.D.C. S.D.N.Y. <br> CASHIERS |

## AMENDED COMPLAINT

Plaintiffs, for their Amended Complaint against Defendants, hereby allege as follows:

1. Plaintiff MTR Foods Ltd. ("MTR Foods") is an Indian company with its principal place of business in Bangalore, India.

2. Plaintiff Amtrade Inc. ("Amtrade") is a New York company with its principal place of business in New York, New York. MTR Foods and Amtrade are collectively referred to as "Plaintiffs."

3. Defendant MTR Imports, Inc. ("MTR Imports") is an Illinois corporation with its principal place of business in Darien, Illinois.

4. Defendant Subraya Maiya resides in Illinois and is an officer and/or director of MTR Imports. Mr. Subraya Maiya has knowledge and control over the illegal conduct described below.

5. Defendant Arun Maiya resides in Illinois and is an employee and/or agent of MTR Imports. Mr. Arun Maiya has knowledge and control over the illegal conduct described below. Hereinafter, MTR Imports, Mr. Subraya Maiya and Mr. Arun Maiya are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

6.    This is an action for trademark infringement and unfair competition under the Lanham Act, for declaratory judgment under the federal Declaratory Judgment Act, and further, for related claims of deceptive business practices, breach of contract and tortious misconduct under the laws of New York. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1114(1) and 1125(a) (the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademark), and 28 U.S.C. § 1332 (diversity of citizenship).

7.    Personal jurisdiction is proper because Defendants have transacted and conduct business in this District. Venue is proper pursuant 28 U.S.C. § 1391.

## PARTIES

8.    Plaintiff MTR Foods is among the largest manufacturers of food in India. Since at least as early as 1924, MTR Foods has sold Indian food under the mark MTR and formatives thereof.

9.    For decades, Plaintiff MTR Foods has engaged in substantial advertising and promotion of its mark MTR. MTR Foods' MTR-branded food is sold throughout the world. MTR Foods owns a web site at **www.mtrfoods.com**, which advertises its MTR-branded products throughout the world. MTR Foods owns a trademark registration in India for MTR.

10.    Plaintiff MTR Foods has authorized Plaintiff Amtrade to distribute MTR-branded food in the United States.

11.    Plaintiff MTR Foods engaged Defendant Subraya Maiya to be the exclusive U.S. importer of MTR products.

12.    Defendant Subraya Maiya formed an Illinois corporation known as MTR Imports, Inc. in order to import MTR-branded food pursuant to the agreement between Plaintiff MTR Foods and Defendants.

13.    Defendants' duties under the agreement with Plaintiff MTR Foods were minor. Essentially, Defendants were an outpost of MTR Foods in the United States. Defendant MTR

Imports registered and began using the domain name **mtrimports.com**, which copied content from Plaintiff MTR Foods' web site, **mtrfoods.com.**

14.   Plaintiff MTR Foods created and designed all of the MTR and MTR-formative marks that have appeared on packages of food sold in the United States.

15.   Defendants imported MTR-branded food and forwarded it to the distributor in the United States. Plaintiff MTR Foods branded and packaged all of the food imported by Defendants.

16.   Plaintiff MTR Foods maintained quality control over the MTR-branded food that was imported into the United States by Defendants.

17.   To consumers in the United States, the MTR brand is associated exclusively with Plaintiff MTR Foods and its high-quality food.

18.   Defendant MTR Imports applied for and obtained three trademark registrations (Registration Nos. 1,952,165, 1,883,740, and 2,688,146) in the United States Patent and Trademark Office for MTR and formatives thereof. Plaintiff MTR Foods created each one of the applied-for marks and had been using each one of the marks in India since 1979.

19.   The registrations were wrongly obtained in the name of Defendant MTR Imports because MTR Imports was a mere importer of MTR-branded products and did not have the appropriate authority to register those marks in its name.

20.   Defendants recorded the MTR registrations with the U.S. Customs Service.

21.   On Plaintiff MTR Foods' behalf, Defendants applied for registrations and received approval for these registrations from the U.S. Food and Drug Administration ("FDA") for Defendants to import food that was branded and packaged exclusively by Plaintiff MTR Foods.

22.   Defendants could not meet Plaintiff MTR Foods' reasonable business needs in the United States and breached the agreement between the parties.

23.   Plaintiff MTR Foods earlier terminated the agreement between the parties. A formal letter memorializing that termination was later sent to Defendants on September 12, 2007.

24. Defendants have no rights to the MTR trademarks upon termination of the agreement between the parties.

25. Despite the termination, Defendants refuse to stop using the MTR marks. Defendants offered to sell the MTR marks to Plaintiff MTR Foods for US$2,500,000. Defendants stated that if Plaintiff MTR Foods did not pay that sum, Defendants would sell their own food under the MTR marks or sell the MTR marks to a third party so that the third party could sell food in the U.S. under the MTR marks.

26. Defendants' threats to continue the sale of MTR-branded food in the U.S., which is not manufactured by Plaintiff MTR Foods, and to sell the MTR marks to a third party are real, substantial, and lack justification.

27. Defendants' sale, or the sale by any third party, of MTR-branded food in the U.S. which was not manufactured by Plaintiff MTR Foods will cause a likelihood of confusion as to the source of origin of such food. Such confusion will irreparably injure Plaintiff MTR Foods' goodwill and reputation in its marks.

28. Plaintiff MTR Foods and Defendants have a real and substantial dispute concerning the ownership and validity of the United States trademark registrations Nos. 1,952,165, 1,883,740, and 2,688,146 as well as about whether Defendants are entitled to continue using those marks.

29. Plaintiff MTR Foods is the sole owner of all right, title, and interest in the MTR marks for Indian food in the United States.

30. Following Plaintiff MTR Foods' termination of Defendant as its U.S. importer, Defendant deliberately terminated the FDA registrations for which Defendant had applied solely on Plaintiff MTR Foods' behalf. Plaintiff MTR Foods did not authorize these terminations. Defendants lacked any justification for terminating these FDA registrations. Defendants terminated these FDA registrations only to interfere with Plaintiff MTR Foods' ability to sell its packaged and branded food in the United States and its business relationships with third parties who market and sell Plaintiff MTR Foods' food in the United States. Having acted as Plaintiff

MTR Foods' U.S. importer, Defendants were aware of the U.S. business that Plaintiff MTR Foods anticipated and expected to realize by shipping Plaintiff MTR Foods' food to Defendants for importation into the United States.

31. As a result of Defendants' intentional, wrongful interference by, among other things, terminating the FDA registrations for Plaintiff MTR Foods' food, Defendants have injured Plaintiff MTR Foods' business relationships; Plaintiff MTR Foods has lost substantial U.S. sales for its products; and Plaintiff MTR Foods has suffered other damages.

32. In a letter to Plaintiff Amtrade dated October 4, 2007, Defendants, through their counsel, asserted the ownership of and exclusive right to use the marks claimed in U.S. Registration Nos. 1,952,165, 1,883,740, and 2,688,146, which are the subject of this lawsuit. In this letter, Defendants demanded profits from Amtrade and that Amtrade immediately cease and desist utilizing these trademarks in connection with any commercial activity and further, threatened to commence legal proceedings should Amtrade not fully comply with Defendants' demand.

33. Defendants conduct has created a real and reasonable apprehension by Amtrade that Amtrade will be sued by Defendants. Amtrade's conduct has brought it into adversarial conflict with Defendants.

## COUNTS OF PLAINTIFF MTR FOODS

### COUNT I
**Trademark Infringement And Unfair Competition Under The Lanham Act**

34. Plaintiff MTR Foods incorporates by reference the allegations contained in paragraphs 1-33 of the Amended Complaint as though fully set forth herein.

35. Defendants' conduct, as described herein, including its current use of MTR and its threatened and impending use of MTR to sell food that is not manufactured by Plaintiff MTR Foods, constitutes trademark infringement and unfair competition because it is likely to cause confusion, mistake and deception as to the affiliation, connection and association between

Defendants' MTR-branded products and Plaintiffs' genuine MTR-branded products, in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a).

36. As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused Plaintiff MTR Foods irreparable harm and injury.

37. Defendants' acts of infringement and unfair competition are knowing and willful.

38. Unless Defendants are enjoined from their wrongful conduct, Plaintiff MTR Foods will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT II
### Deceptive Acts And Practices Under N.Y. G.B.L. Section 349

39. Plaintiff MTR Foods incorporates by reference the allegations contained in paragraphs 1-38 of the Amended Complaint as though fully set forth herein.

40. Defendants' conduct, as described herein, constitutes deceptive trade practices, causing a likelihood of confusion as to the origin, source, sponsorship, and/or approval of Defendants' goods, and/or causing likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Plaintiff MTR Foods and/or the MTR and MTR-formative trademarks with Defendants in violation of the New York General Business Law Section 349.

41. Defendants' acts have been willful and deliberate.

42. Plaintiff MTR Foods has been, and continues to be, irreparably injured by Defendants' violation of this statute. Unless Defendants are enjoined, Plaintiff MTR Foods will suffer further irreparable injury for which it has no adequate remedy at law.

## COUNT III
### Breach Of Contract Under New York Law

43. Plaintiff MTR Foods incorporates by reference the allegations contained in paragraphs 1-42 of the Amended Complaint as though fully set forth herein.

44. Defendants have breached the agreement it entered into with Plaintiff MTR Foods by refusing to stop using the MTR marks.

45. If Defendants are permitted to persist in their ongoing violation of the agreement, Plaintiff MTR Foods will suffer both monetary damages and irreparable harm, for which it has no adequate remedy at law, due to the injury to its business interests and trademark rights caused by Defendants' actions.

## COUNT IV
### Tortious Interference With Business Relations

46. Plaintiff MTR Foods incorporates by reference the allegations contained in paragraphs 1-45 of the Amended Complaint as though fully set forth herein.

47. Plaintiff MTR Foods had substantial relationships with various third parties in the United States for the marketing and sale of its food.

48. Defendants were aware of Plaintiff MTR Foods' relationships with these third parties. Defendants intentionally and without justification interfered with these relationships by, among other things, terminating the FDA registrations for Plaintiff MTR Foods' food that the Defendants had obtained solely on Plaintiff's behalf.

49. Defendants interfered with Plaintiff MTR Foods' business relations solely for the wrongful purpose of preventing Plaintiff MTR Foods from selling its food in the United States and its interference was dishonest, unfair, improper, and lacked approval by Plaintiff MTR Foods.

50. As a result of Defendants' intentional, wrongful interference with Plaintiff MTR Foods' business relations, Defendants injured Plaintiff's business relationships with these third parties and Plaintiff MTR Foods lost sales and suffered other damages.

## COUNT V
### Declaratory Judgment Under The Federal Declaratory Judgment Act

51. Plaintiff MTR Foods incorporates by reference the allegations contained in paragraphs 1-50 of the Amended Complaint as though fully set forth herein.

52. An actual and justiciable controversy exists between Plaintiff MTR Foods and Defendants concerning the ownership of, the validity of, and the right to use, the United States trademark registrations for MTR and MTR-formative trademarks, including Registration Nos. 1,952,165, 1,883,740, and 2,688,146.

53. Pursuant to 28 U.S.C. § 2201, Plaintiff MTR Foods is entitled to a declaratory judgment that: Plaintiff MTR Foods is the rightful owner of all right, title and interest to the MTR marks for food in the United States and to the United States trademark registration for MTR and formatives thereof, i.e., Registration Nos. 1,952,165, 1,883,740, and 2,688,146; Plaintiff MTR Foods has not violated any rights of Defendants; and Defendants have no right to use the MTR marks in the United States.

## COUNT OF PLAINTIFF AMTRADE
## COUNT VI
### Declaratory Judgment Under The Federal Declaratory Judgment Act

54. Plaintiff Amtrade incorporates by reference the allegations contained in Paragraphs 1-53 of the Amended Complaint as through fully set forth herein.

55. An actual and justiciable controversy exists between Plaintiff Amtrade and Defendants concerning the right to use the United States trademark registrations for MTR and MTR-formative trademarks, including Registration Nos. 1,952,165, 1,883,740, and 2,688,146.

56. Pursuant to 28 U.S.C. § 2201, Plaintiff Amtrade is entitled to a declaratory judgment that: Plaintiff Amtrade is authorized and lawfully permitted to use the MTR and MTR-formative trademarks, including those claimed in Registration Nos. 1,952,165, 1,883,740, and 2,688,146; and Plaintiff Amtrade has not violated any rights of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court grant the following relief:

1. A preliminary and permanent injunction enjoining Defendants, their employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, and successors and assigns, and all those in active concert therewith or having knowledge thereof, from using MTR, alone or in combination with any other word(s), term(s), designation(s), mark(s), and/or design(s), as well as all confusingly similar marks;

2. An order declaring that: Plaintiff MTR Foods is the rightful owner of all right, title and interest to the MTR marks for Indian food in the United States and to the United States trademark registration for MTR and formatives thereof, i.e., Registration Nos. 1,952,165, 1,883,740, and 2,688,146; Plaintiff Amtrade is authorized and lawfully permitted to use the MTR and MTR-formative trademarks, including those claimed in Registration Nos. 1,952,165, 1,883,740, and 2,688,146; Plaintiffs have not violated any rights of Defendants; and Defendants have no right to use the MTR marks in the United States;

3. An order directing Defendants to assign all U.S. trademark registrations for the mark MTR and formatives thereof, including Registration Nos. 1,952,165, 1,883,740, and 2,688,146 to Plaintiff MTR Foods or an order directing the U.S. Patent and Trademark Office to cancel those registrations;

4. An order directing Defendants to assign the domain name mtrimports.com to Plaintiff MTR Foods;

5. An order awarding to Plaintiffs actual damages, including all statutory enhancements and other enhancements as provided by 15 U.S.C. § 1117 and the laws of New York, as well as punitive damages under the laws of New York;

6. Damages exceeding US$10,000,000;

7. An order awarding to Plaintiffs prejudgment and post-judgment interest;

8. An award of Plaintiffs costs and expenses, including, without limitation, reasonable attorneys' fees as provided by 15 U.S.C. § 1117 and the laws of New York; and

9. All other relief, in law or equity, to which Plaintiffs are entitled, or which the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial for all matters triable by jury.

Dated: October 19, 2007

Respectfully submitted,

*[signature]*

Christine A. Pepe (CP5688)
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Tel.: 212.547.5400
Fax: 212.547.5444

James W. Soong*
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel.: 650.813.5000
Fax: 650.813.5100

John J. Dabney*
Irina R. Kushner*
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street NW
Washington, DC 20005
Tel.: 202.756.8000
Fax: 202.756.8087

*Pro hac vice Admission Pending*

Attorneys for Plaintiffs MTR Foods Ltd. and Amtrade Inc.

NYK 1126778-2.080377.0011

## **CERTIFICATE OF SERVICE**

      I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on October 19, 2007, I caused to be served upon Defendants' attorney of record listed below, via U.S. and Electronic Mail, true and correct copies of the RULE 7.1 DISCLOSURE STATEMENT OF PLAINTIFFS MTR FOODS LTD. AND AMTRADE INC. and AMENDED COMPLAINT:

      P. Betty Tufariello
      Intellectulaw
      Law Office of P.B. Tufariello P.C.
      25 Little Harbor Road
      MT Sinai, New York 11766
      Phone: 631-476-8734
      Facsimile: 631-476-8737

Dated: New York, New York
       October 19, 2007

*/s/ Lisa M. Allen*
Lisa M. Allen

NYK 1127457-1.080377.0011