## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MTR FOODS LTD. and AMTRADE INC. )<br><br>Plaintiffs, )<br><br>v. )<br><br>MTR IMPORTS, INC.; SUBRAYA )<br>MAIYA; and ARUN MAIYA )<br><br>Defendants. ) | **JOINT CASE MANAGEMENT REPORT**<br><br>**07 Civ. 8022 (JSR)** |

## I.    INTRODUCTION

Pursuant to Fed. Civ. P. Rule 26(f) and this Court's Notice of Court Conference dated September 19, 2007, the parties have conferred regarding the planning of discovery and case management for this action. A report detailing the parties' agreed upon discovery plan in the format of the Court's Form D is attached hereto as Exhibit A.

The parties respectfully acknowledge the April 14, 2008, trial-ready date initially set by the Court and the Court's Individual Rule of Practice 3(b), requiring a trial ready date within five months of the initial case management conference. However, as set forth below, good cause exists for additional time to prepare this case for trial. Accordingly, the parties respectfully request entry of a case management order which sets a trial-ready date on or about November 5, 2008.

### A.    Plaintiffs' Position:

By way of background, Plaintiff MTR Foods Ltd. ("MTR Foods") has asserted claims against Defendants MTR Imports, Inc., Subraya Maiya, and Arun Maiya (collectively "Defendants") for trademark infringement and unfair competition under the Lanham Act and for

related claims of deceptive business practices, breach of contract, and tortious misconduct under the laws of New York. MTR Foods has also asserted a claim for declaratory judgment that it owns all right, title, and interest to the MTR marks for Indian food in the United States and to the United States trademark registration for MTR and formatives thereof, i.e., Registration Nos. 1,952,165, 1,883,740, and 2,688,146, and to the Canadian Registration for MTR Registration No. TMA624448. Plaintiff Amtrade Inc. ("Amtrade") has asserted a claim for declaratory judgment that it is authorized and lawfully permitted to use the MTR and MTR-formative trademarks.

Plaintiff MTR Foods is located in India and since as early as 1924, has manufactured and sold Indian food under the mark "MTR" and formatives thereof. MTR Foods is a multi-national corporation and is among the largest food manufacturers in India. For many decades, MTR-branded food has been sold throughout India and the world. To consumers, the mark MTR means Plaintiff and its high-quality Indian food products. Plaintiff MTR Foods engaged Defendant Subraya Maiya to be the U.S. importer of MTR products. Thereafter, Defendant Subraya Maiya formed an Illinois corporation known as MTR Imports, Inc. in order to import MTR-branded food pursuant to the agreement between Plaintiff MTR Foods and Defendants. Defendants Subraya Maiya and Arun Maiya are officers and/or employees of MTR Imports. Defendants were mere forwarders for MTR Foods. At all times relevant to the Complaint, Defendants operated out of their personal residence in suburban Chicago.

Plaintiff MTR Foods terminated the agreement between itself and Defendants, because, among other things, Defendants were engaged in fraudulent accounting activities. Plaintiff MTR Foods engaged Plaintiff Amtrade, a New York company, to import and distribute its MTR-branded food in the United States. Despite the termination of the agreement, Defendants claim to own the trademark MTR for Indian food in the United States and Canada. Defendants

continued to use the mark MTR and have threatened, unless Plaintiffs pay Defendants an exorbitant sum of money, to sell their own food under the MTR marks or to sell the MTR marks to a third party so that the third party could sell food in the U.S. under the MTR marks.

The dispute between the parties — and Plaintiffs contend that the dispute is not genuine — is based upon the ownership of the MTR marks. Defendants' business conduct and dealings with third parties are also at issue by virtue of Plaintiffs' state law claims of deceptive business practices and tortious interference with business relations.

**B.      Defendants' Position:**

Defendants agree that the present matter involves, among other things, claims for trademark infringement and unfair competition under the Lanham Act, and various related claims for deceptive business practices, breach of contract, and tortious misconduct under the laws of the state of New York. Defendants also agree that the dispute between the parties involves the issue of who actually owns the MTR marks, *i.e.*, the marks at issue in this case.

On the other hand, Defendants dispute and deny each and every one of the allegations which, Plaintiffs contend, give rise to their alleged claims. Further, Defendants strongly disagree that the dispute over the ownership of the Trademarks is not genuine. As will be shown by the very records of the United States Patent and Trademark Office, and as Plaintiff MTR Foods has actually and constructively conceded over the past twenty years through its own behavior, Defendants are in fact the owners of U.S. Trademark Registration Nos. 1,883,740, 1,952,165, and 2,688,146 and Canadian Registration No. TMA 624448.

Thus, the dispute over the ownership of the Trademarks is totally genuine, while the remaining of Plaintiffs' contentions regarding Defendants' business conduct and dealings with third parties are totally without merit.

## II.    THE NATURE OF THE CASE JUSTIFIES DEPARTURE FROM AN APRIL 14, 2008 TRIAL-READY DATE

As described below, this case presents unique complexities and scheduling difficulties which constitute good cause for granting additional time to the parties to prepare for trial. Specifically, this case involves multiple parties and numerous claims covering both federal and state law issues, which will require a significant amount of discovery, both in terms of documents and expert and fact depositions. Due to the addition of Plaintiff Amtrade, Defendants' answer is now due on November 7, 2007. The relationship and history between the Plaintiff MTR Foods and Defendants has spanned nearly two decades and two continents. Plaintiff MTR Foods' location in India will also necessarily involve foreign witnesses and documents, which in turn will require significant time for travel, translational assistance and production of such documents.

Thus, the parties' Stipulated and Proposed Civil Case Management Plan annexed hereto as Exhibit A has taken into consideration all of the foregoing difficulties and requests a trial-ready date of November 5, 2008.

## III.   CONCLUSION

Based on the foregoing, the parties respectfully request entry of a case management order consistent with that attached hereto as Exhibit A.

DATED: November 7, 2007            Respectfully Submitted,

PLAINTIFFS MTR FOODS LTD. &
AMTRADE INC.

Christine A. Pepe (CP5688)
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Tel.: 212.547.5400

James W. Soong*
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel.: 650.813.5000
*Admitted Pro Hac Vice

John J. Dabney*
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street NW
Washington, DC 20005
Tel.: 202.756.8000
*Admitted Pro Hac Vice

DEFENDANTS MTR IMPORTS, INC.,
SUBBAYA MAIYA & ARUN MAIYA

P. Betty Tufariello
Intellectulaw
Law Office of P.B. Tufariello P.C.
25 Little Harbor Road
MT Sinai, New York 11766
Tel: 631.476.8734

NYK 1130434-1.080377.0011

- 5 -