UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MTR FOODS LTD. and AMTRADE INC.<br><br>Plaintiffs,<br><br>v.<br><br>MTR IMPORTS, INC.; SUBRAYA MAIYA; and ARUN MAIYA<br><br>Defendants. | Civ. No. '07 CIV 8022 (Judge Rakoff)<br><br>**PLAINTIFFS MTR FOODS LTD. AND AMTRADE INC.'S REPLY TO DEFENDANTS MTR IMPORTS, INC., SUBRAYA MAIYA, AND ARUN MAIYA'S COUNTERCLAIMS** |

Pursuant to Federal Rule of Civil Procedure 7(a), Plaintiffs MTR Foods Ltd. ("MTR Foods") and Amtrade Inc. ("Amtrade") (collectively "Plaintiffs") hereby submit this Reply to the Counterclaims of Defendants MTR Imports, Inc. ("MTR Imports"), Subraya Maiya, and Arun Maiya (collectively "Defendants").

## REPLY TO COUNTERCLAIMS

57. In response to the allegations in paragraph 57 of Defendants' Counterclaims, without admitting the validity of Defendants' counterclaims, Plaintiffs admit that Defendants purport to bring an action to obtain a declaratory judgment of non-infringement, ownership of all rights, title, and interest by Defendant MTR Imports of U.S. Trademark Registration No. 1,952,165, U.S. Trademark Registration No. 1,883,740, and U.S. Trademark Registration No. 2,688,146 ("MTR marks"), and infringement of trademark registrations by Plaintiffs pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Trademark Laws and Unfair Competition Laws of the United States, 15 U.S.C. §1053 *et seq.*

## THE PARTIES

58.     In response to the allegations in paragraph 58 of Defendants' Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny all the allegations in this paragraph.

59.     In response to the allegations in paragraph 59 of Defendants' Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny all the allegations in this paragraph.

60.     In response to the allegations in paragraph 60 of Defendants' Counterclaims, Plaintiffs admit the allegations in this paragraph.

61.     In response to the allegations in paragraph 61 of Defendants' Counterclaims, Plaintiffs admit the allegations in this paragraph.

## JURISDICTION AND VENUE

50.     In response to the allegation in paragraph 50 of Defendants' Counterclaims, without admitting the validity of Defendants' counterclaims, Plaintiffs admit that Defendants' counterclaims are between citizen of different states and purport to arise under 15 U.S.C. §§ 1053 *et seq*. Plaintiffs also admit that this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1337, 1338, 1367(a), 2201, and 2202.

51.     In response to the allegations in paragraph 51 of Defendants' Counterclaims, Plaintiffs admit the allegations in this paragraph.

## FACTUAL BACKGROUND

62.     In response to the allegations in paragraph 62 of Defendants' Counterclaims, Plaintiffs admit that U.S. Trademark Registration No. 1,883,740 issued in 1995 for the trademark MTR and Design for use in connection with the goods referenced in Exhibit 1 of the Answer (including Counterclaims). Plaintiffs deny that MTR Imports own a family of three (3) federal

trademark registrations and that MTR Imports owns Federal Reg. No. 1,883,740. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of remaining allegations in this paragraph and thus deny them.

63. In response to the allegations in paragraph 63 of Defendants' Counterclaims, Plaintiffs admit that US Trademark Registration No. 1,952,165 issued in 1996 for the trademark MTR and Design for use in connection with the goods referenced in Exhibit 2 of the Answer (including Counterclaims). Plaintiffs deny that MTR Imports owns Federal Reg. No. 1,952,165. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and thus, deny them.

64. In response to the allegations in paragraph 64 of Defendants' Counterclaims, Plaintiffs admit that U.S. Trademark Registration No. 2,688,146 issued in 2003 for the trademark MTR for use in connection with the goods referenced in Exhibit 3 of the Answer (including Counterclaims). Plaintiffs deny that MTR Imports owns Federal Reg. No. 2,688,146. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and thus, deny them.

65. In response to the allegations in paragraph 65 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

66. In response to the allegations in paragraph 66 of Defendants' Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny all the allegations in this paragraph.

67. In response to the allegations in paragraph 67 of Defendants' Counterclaims, Plaintiffs admit that, in 1993, MTR International, an Indian company, imported food products into the U.S. Plaintiffs deny all the remaining allegations in this paragraph.

68. In response to the allegations in paragraph 68 of Defendants' Counterclaims, Plaintiffs admit that, in 2003, Plaintiff MTR Foods imported food products bearing MTR marks into the U.S. Plaintiffs deny all the remaining allegations in this paragraph.

69. In response to the allegations in paragraph 69 of Defendants' Counterclaims, Plaintiffs deny the allegations in this paragraph.

70. In response to the allegations in paragraph 70 of Defendants' Counterclaims, Plaintiffs deny the allegations in this paragraph.

71. In response to the allegations in paragraph 71 of Defendants' Counterclaims, Plaintiffs admit that, from 2003 through December 2006, Defendant MTR Imports served as a U.S. distributor for Plaintiff MTR Foods to import food products manufactured and branded by Plaintiff MTR Foods. Plaintiffs deny all the remaining allegations in this paragraph.

72. In response to the allegations in paragraph 72 of Defendants' Counterclaims, Plaintiffs deny the allegations in this paragraph.

73. In response to the allegations in paragraph 73 of Defendants' Counterclaims, Plaintiffs do not understand the phrase "its buyout" in this paragraph and therefore, cannot form a basis to admit or deny the allegations in this paragraph.

74. In response to the allegations in paragraph 74 of Defendants' Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny all the allegations in this paragraph.

75. In response to the allegations in paragraph 75 of Defendants' Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny all the allegations in this paragraph.

76.    In response to the allegations in paragraph 76 of Defendants' Counterclaims, Plaintiffs deny the remaining allegations in this paragraph.

77.    In response to the allegations in paragraph 77 of Defendants' Counterclaims, Plaintiffs admit that Plaintiff MTR Foods filed trademark application Serial No. 77/276,004 for use in connection with the goods referenced in Exhibit 4 of the Answer (including Counterclaims). Plaintiffs further admit that a copy of a page from the United States Patent and Trademark Office website regarding the trademark application is annexed to the Answer (including Counterclaims) as Exhibit 4.

78.    In response to the allegations in paragraph 78 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

79.    In response to the allegations in paragraph 79 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

80.    In response to the allegations in paragraph 80 of Defendants' Counterclaims, Plaintiffs admit that Plaintiffs are presently marketing and selling food products bearing Plaintiff MTR Foods' MTR marks despite a letter from Defendant MTR Imports to Plaintiff Amtrade that requests Plaintiff Amtrade to immediately cease and desist from selling such food products. Plaintiffs further admit that a copy of Defendant MTR Imports' letter is annexed to the Answer (including Counterclaims) as Exhibit 5. Plaintiffs deny all the remaining allegations in this paragraph.

81.    In response to the allegations in paragraph 81 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

82.    In response to the allegations in paragraph 82 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

## REPLY TO FIRST COUNTERCLAIM

83. In response to the allegations in paragraph 83 of Defendants' Counterclaims, Plaintiffs re-allege and incorporate herein by reference each and every response in paragraphs 57-82 above, as though set forth at length herein.

84. In response to the allegations in paragraph 84 of Defendants' Counterclaims, Plaintiffs admit that an actual and judiciable controversy exists between Defendant MTR Imports and Plaintiffs concerning the ownership of, the validity of, and the right to use U.S. Trademark Registration Nos. 1,883,740, 1,952,165, and 2,688,146. Plaintiff's deny all the remaining allegations in this paragraph.

85. In response to the allegations in paragraph 85 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

## REPLY TO SECOND COUNTERCLAIM

86. In response to the allegations in paragraph 86 of Defendants' Counterclaims, Plaintiffs re-allege and incorporate herein by reference each and every response in paragraphs 57-85 above, as though set forth at length herein.

87. In response to the allegations in paragraph 87 of Defendants' Counterclaims, Plaintiffs deny the allegations in this paragraph.

88. In response to the allegations in paragraph 88 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

89. In response to the allegations in paragraph 89 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

90. In response to the allegations in paragraph 90 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

## REPLY TO THIRD COUNTERCLAIM

91. In response to the allegations in paragraph 91 of Defendants' Counterclaims, Plaintiffs re-allege and incorporate herein by reference each and every response in paragraphs 57-90 above, as though set forth at length herein.

92. In response to the allegations in paragraph 92 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

93. In response to the allegations in paragraph 93 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

94. In response to the allegations in paragraph 94 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

95. In response to the allegations in paragraph 95 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

## REPLY TO FOURTH COUNTERCLAIM

96. In response to the allegations in paragraph 96 of Defendants' Counterclaims, Plaintiffs re-allege and incorporate herein by reference each and every response in paragraphs 57-95 above, as though set forth at length herein.

97. In response to the allegations in paragraph 97 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

98. In response to the allegations in paragraph 98 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

99. In response to the allegations in paragraph 99 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

100. In response to the allegations in paragraph 100 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

## REPLY TO FIFTH COUNTERCLAIM

101. In response to the allegations in paragraph 101 of Defendants' Counterclaims, Plaintiffs re-allege and incorporate herein by reference each and every response in paragraphs 57-100 above, as though set forth at length herein.

102. In response to the allegations in paragraph 102 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

103. In response to the allegations in paragraph 103 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

## REPLY TO SIXTH COUNTERCLAIM

104. In response to the allegations in paragraph 104 of Defendants' Counterclaims, Plaintiffs re-allege and incorporate herein by reference each and every response in paragraphs 57-103 above, as though set forth at length herein.

105. In response to the allegations in paragraph 105 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

106. In response to the allegations in paragraph 106 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

107. In response to the allegations in paragraph 107 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

108. In response to the allegations in paragraph 108 of Defendants' Counterclaims, Plaintiffs deny all the allegations in this paragraph.

## REQUEST FOR RELIEF

109. Plaintiffs deny that Defendants are entitled to any award of any relief at all, including the relief alleged in the "Request for Relief" section of its Answer (including Counterclaims). Defendants' request for relief should be denied in its entirety and with prejudice.

## AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs hereby plead the following affirmative defense:

110. Each of Defendants' counterclaims is barred because Defendants lack standing to sue on the counterclaims in Defendants' Answer (including Counterclaims).

111. Defendants have no ownership or other interest in the MTR marks.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request that the Court:

1. Enter judgment in favor of Plaintiffs and against Defendants on Plaintiffs' Amended Complaint and award to Plaintiffs the relief sought therein;

2. Dismiss each of Defendants' counterclaims with prejudice;

3. Enter judgment in favor of Plaintiffs and against Defendants on each of Defendants' counterclaims;

4. Award to Plaintiffs their attorney's fees, expenses, and costs;

5. Award to Plaintiffs such other and further relief as the Court deems just and proper.

Dated: November 30, 2007

Respectfully submitted,

By: _/s/ Christine A. Pepe_
Christine A. Pepe (CP5688)
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Tel: 212.547.5400
Fax: 212.547.5444

James W. Soong*
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel: 650.813.5000
Fax: 650.813.5100

John J. Dabney*
McDERMOTT WILL & EMERY LLP
500 Thirteenth Street NW
Washington, DC 20005
Tel: 202.756.8000
Fax: 202.756.8087

*Admitted pro hac vice*

Attorneys for Plaintiff MTR Foods Ltd. and Amtrade Inc.

NYK 1134059-2.080377.0016