UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X
:
MTR FOODS LTD, and AMTRADE.                          :          **AMENDED ANSWER**
:          **AND DEMAND FOR**
:          **TRIAL BY JURY**
:
Plaintiffs,                             :
:          CASE NO.
:          07 CIV 8022 (JSR)
v.                                                               :
:
:
MTR IMPORTS, INC.; SUBRAYA                     :
MAIYA; and ARUN MAIYA                              :
:
Defendants.                            :
———————————————————————— X

In accordance with the Parties' STIPULATION AND ORDER REGARDING

WITHDRAWAL OF AFFIRMATIVE DEFENSES AND FILING OF AMENDED ANSWER

authorized by the Honorable Federal District Court Judge Rakoff, and filed with the Court on

December 5, 2007, Defendants MTR IMPORTS INC., SUBRAYA MAIYA and ARUN MAIYA

(hereinafter collectively "MTR IMPORTS"), by and through their attorneys,

INTELLECTULAW, The Law Offices of P.B. Tufariello, P.C., hereby amend their Answer to

the Amended Complaint of Plaintiffs MTR FOODS LTD, and AMTRADE (hereinafter

collectively "plaintiffs") as follows:

1.      MTR Imports lack knowledge or information sufficient to form a belief that plaintiff

MTR Foods, Ltd is an Indian company with its principal place of business in Bangalore,

India. and, therefore, Denies the same.

2.      MTR Imports, lack knowledge or information sufficient to form a belief that plaintiff

Amtrade is a New York company with its principal place of business in New York, New

York and, therefore, Denies the same.

3.     MTR Imports, admits that it is a corporation and has principal place of business in Darien, Illinois.

4.     MTR Imports, admits that Subraya Maiya is an officer of MTR Imports and resides in Illinois, but denies the remaining allegation set forth in Paragraph 4 of Plaintiff's Amended Complaint.

5.     MTR Imports, admits that Arun Maiya resides in Illinois, but denies the remaining allegations set forth in Paragraph 5 of plaintiff's complaint.

## JURISDICTION AND VENUE

6.     MTR Imports admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (a) (trademark), and 28 U.S.C. § 1332 (diversity of citizenship), in that Plaintiffs' action is an action for trademark infringement and unfair competition under the U.S. Lanham Act, Title 15 and the parties are citizens of different states

7.     MTR Imports admits that personal jurisdiction is proper, but Denies (I) that venue in this Action is necessarily appropriate in this District, as opposed to any other District, and (ii) that a substantial portion of the events giving rise to the claims of relief stated in Plaintiffs' Complaint occurred in this Judicial District.

## PARTIES

8.     MTR Imports lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore Denies the same.

9.     MTR Imports lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and therefore Denies the same.

10.    MTR Imports lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore Denies the same.

11.    Denied.

12.    MTR Imports admits that a corporation known as MTR Imports was formed in Illinois,

but Denies the remaining allegations set forth in paragraph 12 of plaintiffs' Complaint.

13.    Denied.

14.    MTR Imports lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and therefore Denies the same.

15.    MTR Imports admits that they imported food products from Plaintiff MTR Foods, but Denies the remaining allegations set forth in paragraph 15 of plaintiffs' Complaint.

16.    MTR Imports lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16, and therefore Denies the same.

17.    MTR Imports  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and therefore Denies the same.

18.    MTR Imports admits that it applied for and obtained three trademark registrations from the United States Patent and Trademark Office, *i.e.*, U.S. Registration No. 1,883,470, 1,952,165 and 2,688,146 but Denies all the remaining allegations contained in paragraph 18 of plaintiffs' Complaint..

19.    The allegations contained in Paragraph 19 set forth conclusions of law for which no responsive pleading is required.  To the extent that a responsive pleading is required, MTR Imports Denies the allegations set forth n Paragraph 19 of the Complaint.

20.    Admitted.

21.    MTR Imports Denies all allegations contained in paragraph 21 of plaintiffs' Complaint.

22.    The allegations contained in Paragraph 22 set forth conclusions of law for which no responsive pleading is required.  To the extent that a responsive pleading is required, MTR  Imports Denies the allegations set forth n Paragraph 22 of the Complaint.

23.    MTR Imports admits that plaintiff MAR. Foods Ltd. terminated its relationship with MTR Imports, but denies all remaining allegations contained in paragraph 23 of plaintiffs' Complaint.

24.    The allegations contained in Paragraph 24 set forth conclusions of law for which no

responsive pleading is required. To the extent that a responsive pleading is required, MTR Imports Denies the allegations set forth n Paragraph 19 of the Complaint.

25.    MTR. Imports admits that they offered to sell the MTR Imports marks to Plaintiff but denies all remaining allegations contained in paragraph 25 of plaintiffs' Complaint.

26.    Denied.

27.    The allegations contained in Paragraph 27 set forth conclusions of law for which no responsive pleading is required. To the extent that a responsive pleading is required, MTR Imports Denies the allegations set forth n Paragraph 27 of the Complaint.

28.    Admitted.

29.    The allegations contained in Paragraph 29 set forth conclusions of law for which no responsive pleading is required. To the extent that a responsive pleading is required, MTR Imports Denies the allegations set forth n Paragraph 29 of the Complaint.

30.    Denied.

31.    The allegations contained in Paragraph 31 set forth conclusions of law for which no responsive pleading is required. To the extent that a responsive pleading is required, MTR Imports Denies the allegations set forth in Paragraph 31 of the Complaint.

32.    Admitted.

33.    MTR Imports lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30, and therefore Denies the same.

## COUNT I
## Trademark Infringement and Unfair Competition Under the Lanham Act

34.    MTR Imports repeats, reaffirms, realleges and incorporates by reference its Responses to the allegations in paragraphs 1-33, as if more fully set forth herein.

35.    The allegations contained in Paragraph 35 set forth conclusions of law for which no responsive pleading is required. To the extent that a responsive pleading is required, MTR Imports Denies the allegations set forth in Paragraph 35 of the Complaint.

36.    Denied.

37.    Denied.

38.    Denied.

## COUNT II
### Deceptive Acts and Practices Under N.Y. GBL Section 349

39.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to the allegations in paragraphs 1-38, as if more fully set forth herein.

40.    The allegations contained in Paragraph 40 set forth conclusions of law for which no responsive pleading is required.  To the extent that a responsive pleading is required, MTR  Imports Denies the allegations set forth in Paragraph 40 of the Complaint.

41.    Denied.

42.    Denied.

## COUNT III
### Breach of Contract Under New York Law

43.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to the allegations in paragraphs 1-42, as if more fully set forth herein.

44.    The allegations contained in Paragraph 44 set forth conclusions of law for which no responsive pleading is required.  To the extent that a responsive pleading is required, MTR Imports Denies the allegations set forth in Paragraph 44 of the Complaint.

45.    Denied.

## COUNT IV
### Tortious Interference with Business Relations

46.    MTR  Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to the allegations in paragraphs 1-45, as if more fully set forth herein.

47.    MTR Imports  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47, and therefore Denies the same.

48.    The allegations contained in Paragraph 44 set forth conclusions of law for which no responsive pleading is required.  To the extent that a responsive pleading is required,

MTR Imports Denies the allegations set forth in Paragraph 44 of the Complaint.

49.    Denied.

50.    Denied.

## COUNT V
### Declaratory Judgement Under the Federal Declaratory Judgement Act

51.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to
the allegations in paragraphs 1-50, as if more fully set forth herein.

52.    Admitted.

53.    The allegations contained in Paragraph 53 set forth conclusions of law for which no
responsive pleading is required.  To the extent that a responsive pleading is required,
MTR Imports Denies the allegations set forth in Paragraph 53 of the Complaint.


## COUNT VI
### Declaratory Judgement Under the Federal Declaratory Judgement Act

54.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to
the allegations in paragraphs 1-53, as if more fully set forth herein.

55.    Admitted.

56.    The allegations contained in Paragraph 56 set forth conclusions of law for which no
responsive pleading is required.  To the extent that a responsive pleading is required,
MTR Imports Denies the allegations set forth in Paragraph 56 of the Complaint.


## AFFIRMATIVE DEFENSES

Further Answering the Complaint, MTR Imports pleads the following affirmative
defenses:

### *FACTS COMMON TO ALL AFFIRMATIVE DEFENSES*


57.    In 1985, Defendant  MTR Imports' supplier of the food products in connection with

which the MTR marks were being used, was not Plaintiff MTR Foods Ltd. Rather it was MTR CONDIMENTS, an Indian company.

58.    In 1993, MTR Imports' supplier of the food products was MTR INTERNATIONAL, also an Indian company.

59.    It was not until 2003, that the plaintiff MTR Foods Ltd became MTR Imports' supplier of the food products in connection with which the MTR marks were being used.

60.    On or about March 18, 1993, MTR INTERNATIONAL acknowledged in writing that all rights, title and interest to the MTR marks within the United States and Canada belong to MTR Imports. On the basis of MTR International's written acknowledgment and representations that all rights title and interest to the MTR marks within the United States and Canada belong to MTR Imports, and relying upon them, MTR Imports' attorneys filed and secured U.S. Registration No. 1,883,740 and 1,952,165 for the MTRMarks with the United States Patent and Trademark Office (hereinafter the "USPTO"), in the name of MTR Imports.

61.    Ten years later, on or about January 24, 2003, Plaintiff MTR Foods, Ltd acknowledged in writing that all rights, title and interest to the MTR marks within the United States and Canada belong to MTR Imports. On the basis of Plaintiff MTR Foods. Ltd's written acknowledgment and representations that all rights title and interest to the MTR marks within the United States and Canada belong to MTR Imports and relying upon them, MTR Imports' attorneys once again filed and secured the U.S. Registration No. 2,688,146 for the MTR Mark with the USPTO in the name of MTR Imports.

62.    From 2003 through December 2006 MTR Imports' supplier of the food products in connection with which the MTR marks were being used was Counterclaim Defendant MTR Foods Ltd.

63.    Some time in the latter part of 2006, MTR Foods, Ltd unilaterally, arbitrarily, and without cause decided to cease shipping food products to MTR Imports and in a

December 2006 telephone conference with MTR Imports, so informed them.

64.   Upon information and belief, also on or about the latter part of 2006, MTR Foods Ltd.

began negotiations for its buyout by either U.S. Spice Company McCormick, or

Norwegian Food Company Orkla Foods.

65.   Upon information and belief, on January 18, 2007, The Economic Times reported that the

deal with McCormick "fell through at the last minute due to the differences over

structuring the deal, particularly on <u>certain intellectual property issues relating to the</u>

<u>brand name</u>." (emphasis added).

66.   Upon information and belief, on or about February 13, 2007, the Economic Times also

reported that "Norway-based Orkla Group, a food company . . . acquired Bangalore

based MTR Foods Limited, a processed food company for $100 million dollars."

67.   On or about the beginning of this year 2007, plaintiff MTR Foods, Ltd., circumvented

MTR Imports and began doing business with some of MTR Imports' customers directly,

including plaintiff Amtrade Inc.

68.   In addition, upon information and belief, on or about September 10, 2007, Plaintiff MTR

Foods, Ltd. filed a trademark application with the USPTO for the registration of the mark

MTR for use in connection with imported pickles, namely mango (Avakai) pickles in oil,

sliced mango pickles in oil, mango pickles in brine, tomato pickles in oil, lime pickles in

oil, mixed pickles in brine, and hog-plum pickles in oil; pickles; soups; dish made

primarily of ground chick peas (dhokla); meals consisting primarily of vegetables

(bisibelebath); meals consisting primarily of lentils (dal fry); fried cheese (paneer); fried

meats and fried vegetables (pakora); meals consisting primarily of meats and curry sauce;

meals consisting primarily of vegetables and curry sauce; instant mixes for soup, stew,

chowder mixes, potato-based snack foods, and vegetable-based snack foods; Spices; spice

blends; packaged rice; processed grain; processed grain mixes; mixes for making bakery

desserts; dough mix for gulab jamun fried dough dessert; instant mixes for pudding; rice-

based snack foods (muruku); wheat-based snack foods; wafers (papads), rice sticks; packaged meals consisting primarily of wheat (kharabath and kesaribath); meals consisting primarily of rice (pongal); bread and flatbread; frozen bread and flatbread; frozen confections; tea; and instant mixes for rice cake, crepes (dosa); rice pudding, dish made primarily of processed wheat (upma), Indian pancakes, instant noodles, sauces, seasoning pastes, curry powders, and curry pastes. It did so, notwithstanding the fact that it knows that the MTR marks, in the United States, are owned by the Defendant MTR Imports, Inc.

69.    The USPTO has assigned to the application Serial No. 77/276,004 and has indicated on its TESS webpage that this mark has yet to be used in the United States. A copy of the USPTO website page relating to Counterclaim Defendant MTR Foods Ltd.'s trademark application showing the foregoing is annexed hereto as **Exhibit 4.**

70.    Plaintiff MTR Foods, Ltd. is fully aware of all of Defendants' efforts in connection with the promotion and policing of the trademarks, just as it was fully aware of the issuance of the U.S. Trademark registrations in our clients' name.

71.    Yet, not once since 1991, did MTR Foods, Ltd., or its predecessors in interest MTR INTERNATIONAL, or MTR CONDIMENTS ever object or raise the issue of the ownership of the trademarks, or ever challenge Defendants' holding out both to the United States Patent and Trademark Office and to the U.S. and Canadian consumer that MTR Imports, Inc. is the owner of the marks at issue in this case. In fact, in 2003 they did the complete opposite, *i.e.* ,they affirmed Defendants' rights to the trademarks.

72.    Clearly, on the basis of the foregoing, Counterclaim Defendant MTR Foods, Ltd's unilateral and arbitrary decision to terminate its relationship with MTR Imports and its engagement in a continuous and bad faith enterprise to divest MTR Imports of its rights to its trademarks is part of its plan to finalize and complete MTR Foods, Ltd's buyout by and to smoothen the road into the U.S. for ORKLA.

FIRST  AFFIRMATIVE DEFENSE

73.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to

the allegations and averments  in paragraphs 1-72, as if more fully set forth herein.

74.    Plaintiffs' claims  are barred by the Doctrine of  Laches.

**SECOND AFFIRMATIVE DEFENSE**

75.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to

the allegations and avermnets in paragraphs 1-74, as if more fully set forth herein.

76.    Plaintiffs' claims  are barred by  the Doctrine of Acquiescence.

**THIRD  AFFIRMATIVE DEFENSE**

77.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to

the allegations in paragraphs 1-76, as if more fully set forth herein.

78.    Plaintiffs' claims  are barred by the Doctrine of Estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

79.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to

the allegations in paragraphs 1-78, as if more fully set forth herein.

80.    Plaintiffs' claims  are barred by the Doctrine of Waiver.

**FIFTH AFFIRMATIVE DEFENSE**

81.    MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to

the allegations in paragraphs 1-80, as if more fully set forth herein.

82.    Plaintiffs claims are  barred by the Doctrine of  Unclean Hands.

## SIXTH AFFIRMATIVE DEFENSE

83.  MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to the allegations in paragraphs 1-82, as if more fully set forth herein.

84.  Plaintiffs lack standing to sue for infringement of the asserted trademark(s) because they have no ownership interest therein.

## SEVENTH AFFIRMATIVE DEFENSE

85.  MTR Imports  repeats, reaffirms, realleges and incorporates by reference its Responses to the allegations in paragraphs 1-84, as if more fully set forth herein.

86.  Plaintiffs claims are  barred by the Statute of Limitations.


WHEREFORE, MTR Imports prays that:

    a.    Plaintiffs take nothing by their Complaint;

    b.    The Complaint be dismissed with Prejudice;

    c.    MTR Imports, Inc. be awarded its reasonable attorneys' fees and costs under the applicable provisions of 15 U.S.C. § 1117; and

    d.    MTR Imports, Inc. be granted such further relief as the Court deems just and proper, including costs and expenses in this case.

## COUNTERCLAIMS

And for their counterclaims against MTR FOODS LTD and AMTRADE, INC., Defendants MTR Imports, INC, SUBRAYA MAIYA and ARUN MAIYA by and through their attorneys, Intellectulaw, The Law Offices of P.B. Tufariello, P.C.,state as follows:

87.  Defendants MTR Imports, Inc., Subraya Maiya; and Arun Maiya  (hereinafter collectively "MTR Imports") bring these counterclaims against MTR Foods Ltd and Amtrade, Inc. (hereinafter  "Counterclaim Defendants") to obtain a declaratory judgement of non-

infringement, ownership of all rights, title and interest by MTR Imports of U.S.

Trademark Registration No. 1,952,165, U.S. Trademark Registration No. 1,883,740,

and U.S. Trademark Registration No. 2,688,146, and infringement of said Trademark

Registrations by Counterclaim Defendants pursuant to the Declaratory Judgement Act,

28 U.S.C. §§ 2201 and 2202, and the Trademark Laws and Unfair Competition Laws of

the United States, 15 U.S.C. § 1053 *et. seq.*

## THE PARTIES

88.  MTR Imports, Inc. is a corporation duly organized and existing under the laws of the

State of Illinois, having its headquarters and a regular and established place of business at

18 W 194 Holly Avenue, Darien, Illinois 60561-3652.

89.  Subraya Maiya is the President of and Arun Maiya is an employee of MTR Imports, Inc.,

having a regular and established place of business at 18 W 194 Holly Avenue, Darien

Illinois 606561-3652.

90.  Upon information and belief, Counterclaim Defendant MTR FOODS, Ltd.is an Indian

based company with its principal place of business in Bangalore, India.

91.  Upon information and belief, Counterclaim Defendant Amtrade is a New York Company

with its principal place of business in New York, New York.


## JURISDICTION AND VENUE

50.  While these counterclaims are between citizens of different states, they also arise under

the Federal Trademark Laws and Federal Unfair Competition of the United States, 15

U.S.C. §§ 1053 *et. seq.* Thus, this Court has jurisdiction pursuant to 15 U.S.C. § 1121

and 28 U.S.C. §§ 1331, 1332, 1337, 1338, 1367(a), 2201, and 2202.

51.  Plaintiffs have submitted to the personal jurisdiction of this Court, and venue is proper in

this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

92.    MTR Imports is the owner of a family of three (3) federal trademark registrations. More specifically, MTR Imports is the owner of Federal Reg. No.1,883,740, granted in 1995 for the trademark MTR & DESIGN, for use in connection with imported pickles, namely mango (Avakai) pickles in oil, sliced mango pickles in oil, mango pickles in brine, tomato pickles in oil, lime pickles in oil, mixed pickles in brine, and hog-plum pickles in oil. The registration is now incontestable under the Lanham Act. A copy of the Certificate of Registration for such mark is annexed hereto as **Exhibit 1**.

93.    MTR Imports is also the owner of Federal Reg. No. 1,952,165 granted in 1996 for the trademark MTR& Design for use in connection with packaged rice and spices, which is also now incontestable under the Lanham Act. A copy of the Certificate of Registration of such mark is annexed hereto as **Exhibit 2**.

94.    In addition, MTR Imports is the owner of Federal Reg. No. 2,688,146 granted in 2003 for the trademark MTR(word only) for use, since July 7, 1991, in connection with pickles, namely, mango full pickle, mango sliced pickle, hogplum pickle, mixed vegetable pickle, lime pickle, tomato pickle, mango thokku pickle, coriander leaves pickle, ginger thokku pickle, onion pickle, onion thokku pickle, mango with green chillies pickle, garlic pickle, sweet mango pickle, sweet and sour mango pickle, green chili pickle, bitter lime pickle, mint pickle, capsicum pickle, garlic thokku pickle, curry leaves pickle, tender tamarind thokku pickle, avakai mango pickle, lime and green chilies pickle, gongura pickle; potato chips, namely, masala and salted; ready to eat prepared entrees consisting primarily of vegetables, namely, pongal, fried lentil, mixed vegetable curry, chick peas masala, spinach paneer, potato and peas, fried okra, rajma beans masala, navrathan kurma, mutter paneer, pineapple sweet and sour curry; instant mixes, namely, rave idli mix, rave dosa mix with and without curds, masala idli mix, gulab jamun mix, kesari almond gulab jamun mix, rasam mix, sambar mix, bisibelebath mix, rice idli mix with and without

curds, dosa mix with and without curds, vada mix, onion vada mix, kharabath mix, almond food drink mix, muruku mix, saffron sira mix, pongal mix, upma mix, and ragi dosa mix; masalas, powders and pastes, namely, sambar powder, sambar paste, rasam powder, rasam paste, Madras sambar powder, madras rasam powder, puliyogare powder, garam masala, pav vegetable masala, chick peas masala, bisibelebhath masala, biryani/pulao masala, potato sagu masala, vanghibhath powder, bisibelebhath paste, puliyogare paste; soft ice cream mixes, namely, soft ice cream mango, soft ice cream saffron almond, soft ice cream pineapple, soft ice cream butter scotch, soft ice cream vanilla, soft ice cream chocolate, and soft ice cream strawberry; vermicelli, namely, vermicelli idli mix, vermicelli payasam mix; macaroni; papad, namely, red chili papad with mango pulp, plain papad, garlic papad, pepper papad, cumin papad, masala papad, horsegram papad, beaten rice papad for frying, beaten rice papad for roasting, Punjabi masala papad; sweet rice dessert containing saffron, namely, kesaribhath; and ready to eat prepared entree consisting primarily of pasta or rice, namely, bisibelebhath. A copy of the certificate of Registration for this mark is annexed hereto as **Exhibit 3**.

95.    The MTR Marks and the goods in connection with which they are being used, have become recognized by consumers and distributors as emanating and available in the United States only from MTR Imports. More specifically, as a result of MTR Imports' extensive sales, marketing, and policing of its marks since 1987, the MTR Marks have become known and associated throughout the United States and Canada, with MTR Imports.

96.    In 1985, MTR Imports' supplier of the food products in connection with which the MTR marks were being used, was MTR CONDIMENTS, an Indian company.

97.    In 1993, MTR Imports' supplier of the food products was MTR INTERNATIONAL, also an Indian company.

98.    In 2003, MTR Imports' supplier of the food products in connection with which the MTR

marks were being used, was the Counterclaim Defendant MTR Foods Ltd.

99.   On or about March 18, 1993, MTR International acknowledged in writing that all rights, title and interest to the MTR marks within the United States and Canada belong to MTR Imports. On the basis of MTR International's written acknowledgment and representations that all rights title and interest to the MTR marks within the United States and Canada belong to MTR Imports, and relying upon them, MTR Imports' attorneys filed and secured U.S. Registration No. 1,883,740 and 1,952,165 for the MTRMarks with the United States Patent and Trademark Office (hereinafter the "<u>USPTO</u>"), in the name of MTR Imports.

100.  Ten years later, on or about January 24, 2003, Counterclaim Defendant MTR Foods, Ltd acknowledged in writing that all rights, title and interest to the MTR marks within the United States and Canada belong to MTR Imports. On the basis of Counterclaim Defendant MTR Foods. Ltd's written acknowledgment and representations that all rights title and interest to the MTR marks within the United States and Canada belong to MTR Imports and relying upon them, MTR Imports' attorneys once again filed and secured the U.S. Registration No. 2,688,146 for the MTR Mark with the USPTO in the name of MTR Imports.

101.  From 2003 through December 2006 MTR Imports' supplier of the food products in connection with which the MTR marks were being used was Counterclaim Defendant MTR Foods Ltd.

102.  Some time in the latter part of 2006, MTR Foods, Ltd unilaterally, arbitrarily, and without cause decided to cease shipping food products to MTR Imports and in a December 2006 telephone conference with MTR Imports, so informed them.

103.  Upon information and belief, also on or about the latter part of 2006, MTR Foods Ltd. began negotiations for its buyout by either U.S. Spice Company McCormick, or Norwegian Food Company Orkla Foods.

104.    Upon information and belief, on January 18, 2007, The Economic Times reported that the deal with McCormick "fell through at the last minute due to the differences over structuring the deal, particularly on <u>certain intellectual property issues relating to the brand name</u>." (emphasis added).

105.    Upon information and belief, on or about February 13, 2007, the Economic Times also reported that "Norway-based Orkla Group, a food company . . . acquired Bangalore based MTR Foods Limited, a processed food company for $100 million dollars."

106.    On or about the beginning of this year 2007, Counterclaim Defendant MTR Foods, Ltd., circumvented MTR Imports and began doing business with some of MTR Imports' customers directly, including with Counterclaim Defendant Amtrade Inc.

107.    In addition, upon information and belief, on or about September 10, 2007, Counterclaim Defendant MTR Foods, Ltd. filed a trademark application with the USPTO for the registration of the mark MTR for use in connection with imported pickles, namely mango (Avakai) pickles in oil, sliced mango pickles in oil, mango pickles in brine, tomato pickles in oil, lime pickles in oil, mixed pickles in brine, and hog-plum pickles in oil; pickles; soups; dish made primarily of ground chick peas (dhokla); meals consisting primarily of vegetables (bisibelebath); meals consisting primarily of lentils (dal fry); fried cheese (paneer); fried meats and fried vegetables (pakora); meals consisting primarily of meats and curry sauce; meals consisting primarily of vegetables and curry sauce;  instant mixes for soup, stew, chowder mixes, potato-based snack foods, and vegetable-based snack foods; Spices; spice blends; packaged rice; processed grain; processed grain mixes; mixes for making bakery desserts; dough mix for gulab jamun fried dough dessert; instant mixes for pudding; rice-based snack foods (muruku); wheat-based snack foods; wafers (papads), rice sticks; packaged meals consisting primarily of wheat (kharabath and kesaribath); meals consisting primarily of rice (pongal); bread and flatbread; frozen bread and flatbread; frozen confections; tea; and instant mixes for rice cake, crepes (dosa); rice

pudding, dish made primarily of processed wheat (upma), Indian pancakes, instant noodles, sauces, seasoning pastes, curry powders, and curry pastes. The USPTO has assigned to the application Serial No. 77/276,004 and has indicated on its TESS webpage that this mark has yet to be used in the United States. A copy of the USPTO website page relating to Counterclaim Defendant MTR Foods Ltd.'s trademark application showing the foregoing is annexed hereto as **Exhibit 4**.

108. In anticipation of the USPTO's rejection of its trademark application for the mark MAR., in view of MTR Imports' U.S. Registration Nos. 1,883,740, 1,952,165 and 2,688,146, MTR Foods, Ltd. filed the present lawsuit.

109. Clearly, on the basis of the foregoing, Counterclaim Defendant MTR Foods, Ltd's unilateral and arbitrary decision to terminate its relationship with MTR Imports and its engagement in a continuous and bad faith enterprise to divest MTR Imports of its rights to its trademarks is part of its plan to finalize and complete MTR Foods, Ltd's buyout by and to smoothen the road into the U.S. for ORKLA

110. Counterclaim Defendants are presently marketing and selling food products bearing MTR Imports' trademarks, despite MTR Imports' cease and desist letter to Counterclaim Defendant AMTRADE requesting that they immediately cease and desist from selling such food products. A copy of MTR Imports' cease and desist demand is annexed hereto as **Exhibit 5**.

111. Attached as **Exhibit 6** is a copy of Counterclaim Defendants' webpage showing the marketing and offering for sale of goods bearing the confusingly similar and infringing trademark MAR.

112. The activities of Counterclaim Defendants as set forth above, are likely to cause and have caused confusion, mistake and are likely to and have deceived consumers wishing to obtain goods from MTR Imports.

### First Counterclaim for Relief
### Declaratory Judgement of MTR Imports ownership of
### U.S. Registration Nos. 1,883,740, 1,952,165 and 2,688,146

113.  MTR Imports incorporates by reference all of its responses and  allegations contained in Paragraphs 1-112 of the Answer, as though more fully set forth herein.

114.  An actual and justiciable controversy exists between MTR Imports and Counterclaim Defendants concerning the ownership of, the validity of, and the right to use U.S. Registration Nos. 1,883,740, 1,952,165 and 2,688,146 for MTR and MTR-Formative trademarks.

115.  Pursuant to 28 USC § 2201, Counterclaim Plaintiff MTR Imports is entitled to a declaratory judgement that: Counterclaim Plaintiff MTR Imports is the rightful owner of all right, title and interest to the MTR marks for food in the United States and to the United States Registration Nos. for MTR and formatives thereof, i.e. U.S. Registration Nos. 1,883,740, 1,952,165 and 2,688,146; Counterclaim Plaintiff MTR Imports has not violated any rights for Counterclaim Defendants; and Counterclaim Defendants have no right to use the MTR marks in the United States.

### Second Counterclaim for Relief
### Trademark Infringement under 15 U.S.C. § 1114

116.  MTR Imports incorporates by reference all of its responses and  allegations contained in Paragraphs 1-115 of the Answer, as though more fully set forth herein.

117.  Counterclaim Defendants' actions of marketing, offering to sell and selling food products bearing  the confusingly similar and infringing MTR trademarks in interstate commerce, without the consent of Counterclaim Plaintiff MTR Imports has caused and continues to cause a likelihood of confusion, mistake, and deception in the minds of the public with Counterclaim plaintiff MTR Imports' MTR Marks.

118.  Counterclaim Defendants' use of the confusingly similar trademark MTR in interstate

commerce has infringed Counterclaim Plaintiff MTR Imports'   3 federally-registered

MTR Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

119.   By reason of the foregoing, Counterclaim Plaintiff MTR Imports has been injured in an

amount not yet fully determined, but believed to be in excess of $500,000.

120.   Counterclaim Defendants' actions have been knowing, intentional, wanton, and willful,

entitling Counterclaim Plaintiff MTR Imports to money damages, treble damages, profits,

attorney's fees, and the costs of this action.


### Third Counterclaim for Relief
### False Designation of Origin and Trade dress Infringement  under 15 U.S.C. § 1125(a)

---

121.   Counterclaim Plaintiff MTR Imports incorporates by reference all of its responses and

allegations contained in Paragraphs 1-120 of the Answer, as though more fully set forth

herein.

122.   Counterclaim Defendants' actions of selling food products using the confusingly similar

and infringing trademark MTR, in interstate commerce, without the consent of

Counterclaim Plaintiff MTR Imports, is a false designation of origin and a

misrepresentation as to source, and has caused and continues to cause a likelihood of

confusion, mistake, and deception in the minds of the public.

123.   Counterclaim Defendants' use of the confusingly similar trademark MTR as a false

designation of origin and a misrepresentation as to source in interstate commerce has

infringed Counterclaim Plaintiff's trademark rights in its MTR Marks identified above, in

violation of Section 43(a) of the Lanham Act,  15 U.S.C.§ 1125(a).

124.    By reason of the foregoing, Counterclaim Plaintiff MTR Imports  has been injured in an

amount not yet fully determined, but believed to be in excess of $500,000.

125.   Counterclaim Defendants' actions have been knowing, intentional, wanton, and willful,

entitling Counterclaim Plaintiff MTR Imports to damages, treble damages, profits,

attorney's fees, and the costs of this action.

## Fourth Counterclaim for Relief
## New York Unfair Competition

126.   Counterclaim Plaintiff MTR Imports incorporates by reference all of its responses and

allegations contained in Paragraphs 1-125 of the Answer, as though more fully set forth

herein.

127.   Counterclaim Defendants' actions of selling food products bearing the confusingly

similar and infringing trademark MTR, in interstate commerce, without the consent of

Counterclaim Plaintiff MTR Imports, has caused and continues to cause a likelihood of

confusion, mistake, and deception in the minds of the public.

128.   Counterclaim Defendants' actions constitute unfair competition, palming off,

misappropriation and infringement of *both* of Counterclaim Plaintiff MTR Imports'

common-law MTR trademarks and a false designation of origin and trade dress

infringement, actionable under the law of unfair competition.

129.   By reason of the foregoing, Counterclaim Plaintiff MTR Imports has been injured in an

amount not yet fully determined, but believed to be in excess of $500,000.

130.   Counterclaim Defendants' actions have been knowing, intentional, wanton, and willful,

entitling Counterclaim Plaintiff MTR Imports to damages, punitive damages, profits,

attorney's fees, and costs of this action.

## Fifth Counterclaim for Relief
## Deceptive Acts and Practices under N.Y. GBL § 349

131.   Counterclaim Plaintiff MTR Imports incorporates by reference all of its responses and

allegations contained in Paragraphs 1-130 of the Answer, as though more fully set forth

herein.

132.    Counterclaim Defendants' conduct, as described herein, constitutes deceptive trade practices, causing a likelihood of confusion as to the origin, source, sponsorship, and/or approval of Counterclaim Defendants' goods, and/or causing likelihood of confusion of misunderstanding as to the affiliation, connection, or association of Counterclaim Plaintiff MTR Imports and/or the MTR and the MTR formative trademarks with Counterclaim Defendants, in violation of N.Y GBL § 349.

133.    Counterclaim Defendants acts have been willful and deliberate entitling Counterclaim Plaintiff MTR Imports to damages, punitive damages, profits, attorney's fees, and costs of this action.

### Sixth Counterclaim for Relief
### Tortious Interference with Business Relations

134.    Counterclaim Plaintiff MTR Imports incorporates by reference all of its responses and allegations contained in Paragraphs 1-133 of the Answer, as though more fully set forth herein.

135.    Counterclaim Defendants are fully aware of all the contractual relationships and beneficial business relationships between Counterclaim Plaintiff MTR Imports and its advertisers, distributors and customers in connection with the MTR food products.

136.    Counterclaim Defendants have willfully and recklessly induced third parties, including without limitation, Counterclaim Plaintiff MTR Imports' distributor AMTRADE, to breach their relationships with MTR Imports and deal directly with Counterclaim Defendant MTR Foods, Ltd.

137.    By reason of the forgoing, MTR Imports  has been damaged an amount to be determined at trial.

138.    MTR Imports is entitled to damages, including punitive damages, attorneys' fees, the costs of this action, and a preliminary and temporary injunction enjoining counterclaim

defendants from approaching MTR Imports' third party business relations.

## **REQUEST FOR RELIEF**

**WHEREFORE**, MTR Imports  prays and respectfully requests the following relief:

I.  That Counterclaim Defendants, and all persons acting in concert or participating with them be preliminarily and permanently enjoined from:

    A.    registering or maintaining any registration of MTR or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the MTR Imports trademarks;

    B.    using MTR, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the MTR Imports trademarks;

    C.    claiming ownership of MTR or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the MTR Imports trademarks;

    D.    offering for sale MTR Products or any other products bearing  names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the MTR Imports trademarks;

    E.    using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to any of the MTR trademarks anywhere on any web site or web sites;

    F.    using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to any of the MTR Imports trademarks in any buried code, metatags, search terms, keywords, key terms, hits generating pages, or any other devices used, intended, or likely to cause any web site or web sites  to be listed by any Internet search engines in response to any searches that include

any terms identical with or confusingly similar to the MTR Imports trademarks;

G.    otherwise infringing Armstrong's trademarks;

H.    making any description or representation stating or implying that counterclaim defendants' goods or services, domain names, or web sites are in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with MTR Imports;

I.    engaging in false designations of origin, false description, false advertising or false representations or otherwise engaging in unfair business or deceptive trade practices or competing unfairly with MTR Imports;

J.    any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of counterclaim defendants' domain name, web sites, products or services with MTR Imports;

II.    That Counterclaim Defendants be ordered to pay MTR Imports all damages suffered by reason of Counterclaim Defendants trademark infringement, trademark dilution, and unfair competition as set forth in these Counterclaims. (15 U.S.C. §§ 1117(a) and 1125(c)(2).)

III.    That Counterclaim Defendants be ordered to pay MTR Imports punitive or exemplary damages as provided by law.

IV.    That Counterclaim Defendants be required to file with this Court and serve on the undersigned counsel for Armstrong within thirty (30) days after the entry of judgment a written report under oath setting forth in detail the manner in which Counterclaim Defendants have complied with the injunction ordered by this Court. (15 U.S.C § 1116.)

V.    That Counterclaim Defendants be ordered to pay to MTR Imports the costs of this action and reasonable attorneys' fees pursuant 15 U.S.C. §§ 1117(a) and 1125(c)(2).

VI.    That Counterclaim Defendant be ordered to cease, desist and refrain from approaching MTR Imports third party business relations and stating to third parties that MTR Imports

does not own the MTR Marks.

VII.    That Counterclaim Defendants be ordered to pay MTR Imports damages, including punitive damages, attorneys' fees and the costs of this action caused by Counterclaim Defendants' actions in causing third parties to breach their relationships with MTR Imports.

VIII.    That MTR Imports shall have such other relief as this Court may deem just and proper.

Respectfully Submitted,

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Dated:   12/14/07

*Panagiota Betty Tufariello*

Panagiota Betty Tufariello (PBT 3429)
25 Little Harbor Road
Mount Sinai, NY 11766
631-476-8734
631-476-8737(FAX)
24yellow@optonline.net
info@intellectulaw.com
betty@intellectulaw.com

Attorneys for Defendants/Counterclaim Plaintiffs
MTR IMPORTS, INC, SUBRAYA MAIYA, and
ARUN MAIYA

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing AMENDED ANSWER, has been served upon the Attorneys for Plaintiffs/Counterclaim Defendants MTR FOODS LTD and AMTRADE INC. , McDermott Will & Emery LLP via Electronic Mail and via First Class Mail, addressed to:


Christine A. Pepe Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922
CPepe@mwe.com

James W. Soong, Esq.
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
jsoong@mwe.com

John J. Dabney, Esq.
McDermott Will & Emery LLP
600 Thirteenth Street NW
Washington, DC 20005
jdabney@mwe.com

on Friday, December 14, 2007.

*Panagiota Betty Tufariello*

Panagiota Betty Tufariello, Esq.

**EXHIBIT 1**

**Int. Cl.: 29**

**Prior U.S. Cl.: 46**

# United States Patent and Trademark Office

**Reg. No. 1,883,740**
Registered Mar. 14, 1995

## TRADEMARK
### PRINCIPAL REGISTER



MTR IMPORTS, INC. (ILLINOIS CORPORA-
TION)
18 W. 194 HOLLY AVENUE
DARIEN, IL 60561

FOR: IMPORTED PICKLES, NAMELY
MANGO (AVAKAI) PICKLES IN OIL, SLICED
MANGO PICKLES IN OIL, MANGO PICKLES
IN BRINE, TOMATO PICKLES IN OIL, LIME
PICKLES IN OIL, MIXED PICKLES IN BRINE,
AND HOG-PLUM PICKLES IN OIL, IN CLASS
29 (U.S. CL. 46).

FIRST USE 7–7–1991; IN COMMERCE
7–7–1991.

SER. NO. 74–522,944, FILED 5–6–1994.

JERRY L. PRICE, EXAMINING ATTORNEY

**EXHIBIT 2**

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 1,952,165
Registered Jan. 30, 1996

## TRADEMARK
### PRINCIPAL REGISTER



MTR IMPORTS, INC. (ILLINOIS CORPORA-
TION)
18 W. 194 HOLLY AVENUE
DARIEN, IL 60561

FOR: PACKAGED RICE AND SPICES, IN
CLASS 30 (U.S. CL. 46).

FIRST   USE   7–7–1991;   IN   COMMERCE
7–7–1991.

SER. NO. 74–415,143, FILED 7–20–1993.

CAROLYN GRAY, EXAMINING ATTORNEY

**EXHIBIT 3**

Int. Cls.: 29 and 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,688,146
Registered Feb. 18, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## MTR

MTR IMPORTS, INC. (ILLINOIS CORPORATION)
18 W 194 HOLLY AVENUE
DARIEN, IL 605613652

FOR: PICKLES, NAMELY, MANGO FULL PICKLE, MANGO SLICED PICKLE, HOGPLUM PICKLE, MIXED VEGETABLE PICKLE, LIME PICKLE, TOMATO PICKLE, MANGO THOKKU PICKLE, CORIANDER LEAVES PICKLE, GINGER THOKKU PICKLE, ONION PICKLE, ONION THOK-KU PICKLE, MANGO WITH GREEN CHILLIES PICKLE, GARLIC PICKLE, SWEET MANGO PICKLE, SWEET AND SOUR MANGO PICKLE, GREEN CHILI PICKLE, BITTER LIME PICKLE, MINT PICKLE, CAPSICUM PICKLE, GARLIC THOKKU PICKLE, CURRY LEAVES PICKLE, TEN-DER TAMARIND THOKKU PICKLE, AVAKAI MANGO PICKLE, LIME AND GREEN CHILIES PICKLE, GONGURA PICKLE; POTATO CHIPS, NAMELY, MASALA AND SALTED; READY TO EAT PREPARED ENTREES CONSISTING PRIMAR-ILY OF VEGETABLES, NAMELY, PONGAL, FRIED LENTIL, MIXED VEGETABLE CURRY, CHICK PEAS MASALA, SPINACH PANEER, POTATO AND PEAS, FRIED OKRA, RAJMA BEANS MASALA, NAVRATHAN KURMA, MUTTER PANEER, PINE-APPLE SWEET AND SOUR CURRY, IN CLASS 29 (U.S. CL. 46).

FIRST USE 7-7-1991; IN COMMERCE 7-7-1991.

FOR: INSTANT MIXES, NAMELY, RAVE IDLI MIX, RAVE DOSA MIX WITH AND WITHOUT CURDS, MASALA IDLI MIX, GULAB JAMUN MIX, KESARI ALMOND GULAB JAMUN MIX, RASAM MIX, SAMBAR MIX, BISIBELEBATH MIX, RICE IDLI MIX WITH AND WITHOUT CURDS, DOSA MIX WITH AND WITHOUT CURDS, VADA MIX, ONION VADA MIX, KHARABATH MIX, AL-MOND FOOD DRINK MIX, MURUKU MIX, SAF-FRON SIRA MIX, PONGAL MIX, UPMA MIX, AND RAGI DOSA MIX; MASALAS, POWDERS AND PASTES, NAMELY, SAMBAR POWDER, SAMBAR PASTE, RASAM POWDER, RASAM PASTE, MA-DRAS SAMBAR POWDER, MADRAS RASAM POW-DER, PULIYOGARE POWDER, GARAM MASALA, PAV VEGETABLE MASALA, CHICK PEAS MASA-LA, BISIBELEBHATH MASALA, BIRYANI/PULAO MASALA, POTATO SAGU MASALA, VANGHIB-HATH POWDER, BISIBELEBHATH PASTE, PU-LIYOGARE PASTE; SOFT ICE CREAM MIXES, NAMELY, SOFT ICE CREAM MANGO, SOFT ICE CREAM SAFFRON ALMOND, SOFT ICE CREAM PINEAPPLE, SOFT ICE CREAM BUTTER SCOTCH, SOFT ICE CREAM VANILLA, SOFT ICE CREAM CHOCOLATE, AND SOFT ICE CREAM STRAWBER-RY; VERMICELLI, NAMELY, VERMICELLI IDLI MIX, VERMICELLI PAYASAM MIX; MACARONI; PAPAD, NAMELY, RED CHILI PAPAD WITH MAN-GO PULP, PLAIN PAPAD, GARLIC PAPAD, PEPPER PAPAD, CUMIN PAPAD, MASALA PAPAD, HORSE-GRAM PAPAD, BEATEN RICE PAPAD FOR FRY-ING, BEATEN RICE PAPAD FOR ROASTING, PUNJABI MASALA PAPAD; SWEET RICE DESSERT CONTAINING SAFFRON, NAMELY, KESARIB-HATH; READY TO EAT PREPARED ENTREE CON-SISTING PRIMARILY OF PASTA OR RICE, NAMELY, BISIBELEBHATH, IN CLASS 30 (U.S. CL. 46).

FIRST USE 7-7-1991; IN COMMERCE 7-7-1991.

SER. NO. 76-322,608, FILED 10-9-2001.

KARAN CHHINA, EXAMINING ATTORNEY

**EXHIBIT 4**

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2007-11-07 18:17:13 ET

**Serial Number:** 77276004 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** (NOT AVAILABLE)

**Mark**



**(words only):** MTR PURE AND PERFECT SINCE 1924

**Standard Character claim:** No

**Current Status:** Newly filed application, not yet assigned to an examining attorney.

**Date of Status:** 2007-09-13

**Filing Date:** 2007-09-10

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 011 -Initial Review/Serialization Branch(Mailroom)

**Date In Location:** 2007-09-13

**LAST APPLICANT(S)/OWNER(S) OF RECORD**

1. MTR Foods Limited

**Address:**
MTR Foods Limited
#4, 17th Cross, KR Road, BSK 2nd Stage

Bangalore 560070
India
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** India

## GOODS AND/OR SERVICES

**International Class:** 029
**Class Status:** Active
Imported pickles, namely mango (Avakai) pickles in oil, sliced mango pickles in oil, mango pickles in brine, tomato pickles in oil, lime pickles in oil, mixed pickles in brine, and hog-plum pickles in oil; pickles; soups; dish made primarily of ground chick peas (dhokla); meals consisting primarily of vegetables (bisibelebath); meals consisting primarily of lentils (dal fry); fried cheese (paneer); fried meats and fried vegetables (pakora); meals consisting primarily of meats and curry sauce; meals consisting primarily of vegetables and curry sauce; and instant mixes for soup, stew, chowder mixes, potato-based snack foods, and vegetable-based snack foods
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 030
**Class Status:** Active
Spices; spice blends; packaged rice; processed grain; processed grain mixes; mixes for making bakery desserts; dough mix for gulab jamun fried dough dessert; instant mixes for pudding; rice-based snack foods (muruku); wheat-based snack foods; wafers (papads), rice sticks; packaged meals consisting primarily of wheat (kharabath and kesaribath); meals consisting primarily of rice (pongal); bread and flatbread; frozen bread and flatbread; frozen confections; tea; and instant mixes for rice cake, crepes (dosa); rice pudding, dish made primarily of processed wheat (upma), Indian pancakes, instant noodles, sauces, seasoning pastes, curry powders, and curry pastes
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 032
**Class Status:** Active
Concentrates, syrups or powders used in the preparation of soft drinks; concentrates, syrups or powders used in the preparation of vegetable-based drinks; soft drinks; vegetable-based drinks
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

**Color(s) Claimed:** The color(s) red and white is/are claimed as a feature of the mark.

**Design Search Code(s):**
**26.03.07** - Ovals with a decorative border, including scalloped, ruffled and zig-zag edges
**26.03.17** - Concentric ovals; Concentric ovals and ovals within ovals; Ovals within ovals; Ovals, concentric

**26.03.21** - Ovals that are completely or partially shaded

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2007-09-14 - Notice Of Design Search Code Mailed

2007-09-13 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Richard Y. Kim

**Correspondent**
RICHARD Y. KIM
MCDERMOTT WILL & EMERY LLP
600 13TH ST NW STE 1200
WASHINGTON, DC 20005-3096

**Domestic Representative**
Richard Y. Kim

**EXHIBIT 5**

# INTELLECTULAW
## LAW OFFICES OF P.B. TUFARIELLO, P.C.
### ATTORNEYS AT LAW

P.B TUFARIELLO
24yellow@optonline.net
ptfv@intellectulaw.com
betty@intellectlaw.com

25 LITTLE HARBOR ROAD • MT. SINAI. NEW YORK  11766
TELEPHONE 631-476-8734 • FAX 631-476-8737

SPECIALIZING IN PATENTS.
TRADEMARKS AND
COPYRIGHTS AND ALL
MATTERS RELATED
THERETO

October 4, 2007

**VIA EXPRESS MAIL**

Mr. Tejen M. Sen
President
Amtrade, Inc.
303 5th Avenue, Suite 1303
New York, NY 10016

Re:    CEASE AND DESIST DEMAND
In re:       MTR. U.S. Registration No. 1,952,165;
             MTR. U.S. Registration No. 1,883,740; and
             MTR. U.S. Registration No. 2,688,146
Our File No.: 7244-2

Dear Mr. Sen:

We are trademark counsel to MTR Imports, Inc. (hereinafter "MTR") a business corporation duly organized and existing under the laws of the state of Illinois and having a principal place of business at **18 W 194 Holly Ave, Darien Illinois 60561-3652**.

MTR is the owner of (i) the incontestible U.S. Registration No. 1,883,740 for the mark MTR & Design for use on "imported pickles, namely mango (Avakai) pickles in oil, sliced mango pickles in oil, mango pickles in brine, tomato pickles in oil, lime pickles in oil, mixed pickles in brine, and hog-plum pickles in oil" in International Class 029; (ii) the incontestible U.S. Trademark Registration No. 1,952,165 for the mark **MTR & Design** for use on "packaged rice and spices" in International Class 30; and (iii) the U.S. Trademark Registration No. 2,688,146 for the mark MTR for use on:

A.    Pickles, namely, mango full pickle, mango sliced pickle, hogplum pickle, mixed vegetable pickle, lime pickle, tomato pickle, mango thokku pickle, coriander leaves pickle, ginger thokku pickle, onion pickle, onion thokku pickle, mango with green chillies pickle, garlic pickle, sweet mango pickle, sweet and sour mango pickle, green chili pickle, bitter lime pickle, mint pickle, capsicum pickle, garlic thokku pickle, curry leaves pickle, tender tamarind

THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Mr. Tejen M. Sen
President
Amtrade, Inc.
October 4, 2007
page 2

thokku pickle, avakai mango pickle, lime and green chilies pickle, gongura pickle; potato chips, namely, masala and salted; ready to eat prepared entrees consisting primarily of vegetables, namely, pongal, fried lentil, mixed vegetable curry, chick peas masala, spinach paneer, potato and peas, fried okra, rajma beans masala, navrathan kurma, mutter paneer, pineapple sweet and sour curry in International Class 029; and

B.  Instant mixes, namely, rave idli mix, rave dosa mix with and without curds, masala idli mix, gulab jamun mix, kesari almond gulab jamun mix, rasam mix, sambar mix, bisibelebath mix, rice idli mix with and without curds, dosa mix with and without curds, vada mix, onion vada mix, kharabath mix, almond food drink mix, muruku mix, saffron sira mix, pongal mix, upma mix, and ragi dosa mix; masalas, powders and pastes, namely, sambar powder, sambar paste, rasam powder, rasam paste, Madras sambar powder, madras rasam powder, puliyogare powder, garam masala, pav vegetable masala, chick peas masala, bisibelebhath masala, biryani/pulao masala, potato sagu masala, vanghibhath powder, bisibelebhath paste, puliyogare paste; soft ice cream mixes, namely, soft ice cream mango, soft ice cream saffron almond, soft ice cream pineapple, soft ice cream butter scotch, soft ice cream vanilla, soft ice cream chocolate, and soft ice cream strawberry; vermicelli, namely, vermicelli idli mix, vermicelli payasam mix; macaroni; papad, namely, red chili papad with mango pulp, plain papad, garlic papad, pepper papad, cumin papad, masala papad, horsegram papad, beaten rice papad for frying, beaten rice papad for roasting, Punjabi masala papad; sweet rice dessert containing saffron, namely, kesaribhath; ready to eat prepared entree consisting primarily of pasta or rice, namely, bisibelebhath, in International Class 30.

Copies of said registrations are annexed hereto as **Exhibit 1** (hereinafter collectively the "MTR marks").

Our client has been using the MTR marks in connection with the goods set forth herein above, since as early as 1985. Since that time, our client has continued and continues to promote its goods under its MTR marks, through the present. Our client has expended great resources and thousands of dollars in marketing, advertising and promoting itself as the source of the goods bearing the MTR marks. As a result of such extensive advertising, and promotion, our client has developed recognition of its MTR goods and has acquired and now

THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Mr. Tejen M. Sen
President
Amtrade, Inc.
October 4, 2007
page 3

enjoys a valuable reputation and good will under its MTR marks.

As the owners of the MTR trademarks, **our clients have the exclusive right to use the marks** in commerce. Our clients have **never** authorized or consented to anyone's use of their trademarks, or any simulation, reproduction, copy, counterfeit or colorable imitation thereof.

We have recently acquired evidence that you have been using the MTR marks in connection with goods that are identical to the goods set forth herein above. Obviously your use of the MTR marks is identical to our clients' use of their MTR marks. Any differences that might exist between the two are de minimis and totally insignificant. Accordingly, your past and continuing use of our clients' trademarks, or any reproduction, copy, counterfeit or colorable imitation thereof constitutes, among other transgressions, Federal Trademark Infringement, Unfair Competition, Counterfeiting and False designation of origin in violation of Federal Civil and Criminal laws (*e.g.*, 15 U.S.C §§ 1114, 1117, and 1125; 18 U.S.C. §§ 1961 *et seq.*, and 2320), as well as state statutory and common law.

The gravity of this matter cannot be overstated. Should it become necessary for our clients to commence legal proceedings, our clients will seek preliminary and permanent injunctive relief, an accounting of the profits attributable to your use of our clients' trademarks or any reproduction, copy, counterfeit or colorable imitation thereof, and the damages which our clients have sustained as a result of your infringing activities. Furthermore, since your adoption of our clients' trademarks in connection with your products could hardly have been inadvertent, our clients will be entitled to a substantial statutory damages award and their reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

In the interest of resolving this matter, we hereby demand that you[1]:

    (1)    Immediately cease and desist providing, advertising, offering for sale and

---

[1] It should be understood that all reference to "you" or "your" in this Demand includes, without limitations, all of Amtrade, Inc.'s officers, directors, employees, agents, affiliates and consignees together with any entity and/or individual acting in concert or participation with Amtrade, Inc. in connection with the manufacture, promotion, offering for sale or sale of goods or services bearing any reproduction, copy counterfeit or colorable imitation of our clients' trademarks.

THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Mr. Tejen M. Sen
President
Amtrade, Inc.
October 4, 2007
page 4

selling any goods bearing any reproduction, copy, counterfeit or colorable imitation of our clients' trademarks and (a) provide us, by no later than Friday, October 19, 2007, at 5:00 p.m. (Eastern Daylight Time), with written confirmation that you have complied with this demand and (b) provide us, by Friday, October 19, 2007, with sworn affidavits confirming that you have complied with this demand;

(2)    Immediately cease and desist utilizing our clients' trademarks or any reproduction, copy, counterfeit or colorable imitation thereof in conjunction with any commercial activity, including with any promotional material, and provide us by Friday, October 19, 2007, with a sworn affidavit confirming that you have complied with this demand;

(3)    Maintain continuing custody of all products, promotional and other materials bearing our clients' trademarks, or any reproduction, copy, counterfeit or colorable imitation thereof, together with the means and material for producing these products, promotional and other materials, for purposes of preserving this evidence and the appropriate Federal Court's jurisdiction over the evidence, and provide us by Friday, October 19, 2007, with a sworn affidavit confirming that you have complied with this demand;

(4)    Provide us, by Friday, October 19, 2007, with a detailed inventory of all materials in your possession, custody or control bearing our clients' trademarks and/or any other reproduction, copy, counterfeit or colorable imitation thereof, and the machinery, devices and materials utilized to manufacture these materials;

(5)    Maintain continuing custody of all books, records and other documents reflecting your offer for sale and sale of goods bearing our clients' trademarks and/or any other reproduction, copy, counterfeit or colorable imitation thereof, and provide us with true and accurate copies of these records by Friday, October 19, 2007;

(6)    Provide us, by Friday, October 19, 2007, with a sworn affidavit detailing the names, addresses and telephone numbers of the entities and/or individuals from whom you have purchased or from whom you have acquired materials bearing our clients' trademarks and/or any other reproduction, copy, counterfeit or colorable imitation thereof and to whom you have sold goods bearing our clients' trademarks and/or any other reproduction, copy, counterfeit or colorable imitation thereof;

(7)    Provide us, by Friday October 19, 2007, with a detailed accounting of your profits from the sale of goods bearing our clients' trademarks and/or any other reproduction, copy, counterfeit or colorable imitation thereof; and

INTELLECTUAL LAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Mr. Tejen M. Sen
President
Amtrade, Inc.
October 4, 2007
page 5

(8)    Agree to pay our clients those profits attributable to your use of simulations of our clients' trademarks, together with attorneys' fees, which our client has sustained in connection with this matter.

In the event that you fail or refuse to comply fully with this Demand, we shall, without further notice commence appropriate legal proceedings seeking, among other things, preliminary and permanent injunctive relief, treble damages, and our client's costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

This letter written without prejudice to any of MTR's rights or remedies which are all expressly reserved.

Very truly yours,

PANAGIOTA BETTY TUFARIELLO

cc:    MTR IMPORTS INC.

**EXHIBIT 6**







Soups    Ready to Eat    Rice Meals    Sweet Mixes    Snack Mixes



Frozen Foods




Spice powders

Click on logo to Visit MTR Foods

Vermicelli - Pickles - Papad - And More.



Image Copyright MTRFOODS.COM